UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20425-CR-JUNG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERIC JAMES RENNERT,

    Defendant.

_____/

## FEDERAL PUBLIC DEFENDER'S MOTION TO WITHDRAW AND TO APPOINT CONFLICT-FREE COUNSEL

The Office of the Federal Public Defender for the Southern District of Florida respectfully submits this motion to withdraw as counsel of record in this case and for the Court to appoint conflict-free counsel and states the following.

### Background

1. The government has charged Mr. Rennert with six counts of threatening a federal judge in violation of 18 U.S.C. §§ 875(c) & 115(a)(1)(B). (DE 3).

2. According to the indictment, the alleged victim in this case ("Federal Judge 1") is an active United States Judge in the Southern District of Florida. (*Id.*). There is a distinct possibility that "Federal Judge 1" will be a witness in this case.

3. The Federal Public Defender's Office for the Southern District of Florida ("FPDO-SDFL") currently represents numerous clients in cases before "Federal Judge 1."

1

4. The judge's status as an alleged victim and possible witness in this case creates a conflict of interest for the FPDO-SDFL, which also implicates the lawyers appointed under the Southern District of Florida's Criminal Justice Act (CJA) Plan.

5. Additionally, the original District Court Judge assigned to this case has recused herself under 28 U.S.C. § 455 (DE 16), and the case has been reassigned to this Honorable Court, which sits in the Middle District of Florida (DE 17); as a result, it is likely that future court hearings, including trial, would take place in the Middle District of Florida, and that Mr. Rennert will be transported and housed in the Middle District of Florida.

6. Because of these conflicts of interest, as well as the logistical challenges noted above, the FPDO-SDFL respectfully requests that it be permitted to withdraw, and that the Court appoint the Federal Public Defender's Office in the Middle District of Florida or a lawyer from the Middle District of Florida's CJA Plan in order to provide Mr. Rennert with conflict-free counsel and to serve the aims of judicial economy.

7. Undersigned counsel has conferred with AUSA Elena Smukler, who advised that the government defers to the Court.

## Memorandum of Law

The Supreme Court has acknowledged that "counsel owes the client a duty of loyalty, a duty to avoid conflicts of interest," which is "perhaps the most basic of counsel's duties." *Strickland v. Washington*, 466 U.S. 668, 690, 692 (1984). A defendant's Sixth Amendment right to effective assistance of counsel is denied when defense counsel has an actual conflict of interest that adversely affects the defendant. *United States v. Rodriguez*, 982 F.2d 474, 477 (11th Cir.1993). The Sixth Amendment also assures a criminal defendant the right to counsel who is unimpaired by conflicting loyalties.

The Eleventh Circuit Court of Appeals has recognized that the harm caused by representing conflicting interests is difficult to measure because the harm "is in what the advocate finds himself compelled to refrain from doing, not only at trial but also as to possible pretrial plea negotiations and in the sentencing process." *Holloway v. Arkansas*, 435 U.S. 475, 490 (1978). An actual conflict of interest occurs when a defense attorney places himself in a situation "inherently conducive to divided loyalties." *Castillo v. Estelle*, 504 F.2d 1243, 1245 (5th Cir. 1974). Here, the FPDO-SDFL has divided loyalties.

On the one hand, the FPDO-SDFL must zealously represent Mr. Rennert. As the former Chief Judge of the Southern District of Florida has written:

> An attorney, especially a criminal defense attorney, has an obligation to zealously represent his or her clients. "In our system a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that the adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State

3

> or in concert with it, but rather by advancing the undivided interests of his client." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318–19 (1981) (internal quotation marks omitted). The ideal of zealous advocacy is also recognized in the ethical rules that govern the conduct of lawyers. *See* Fla. Bar R. 4 pmbl. cl. 2 ("As an advocate, a lawyer zealously asserts the client's position under the rules of the adversary system."); MODEL R. PROF'L CONDUCT pmbl. cl. 2 (2004) (same). *See also* Am. Bar Assn., STDS. FOR CRIM. JUSTICE PROSECUTION FUNCTION & DEFENSE FUNCTION § 4–1.2 (3d ed.1993) (duty of criminal defense counsel as advocate).

*United States v. Stewart*, 931 F. Supp. 2d 1199, 1215 (S.D. Fla. 2013). If required to represent Mr. Rennert, the FPDO-SDFL will strive to fulfill these obligations at every stage.

On the other hand, the FPDO-SDFL's zealous advocacy for Mr. Rennert will likely implicate its duties to other clients. To properly defend Mr. Rennert, the FPDO-SDFL would vigorously investigate the case, litigate pre-trial motions, deliver an opening statement and a closing argument, and, critically, cross-examine witnesses—possibly including the sitting judge. A forceful defense of Mr. Rennert could have negative ramifications against other clients of the FPDO-SDFL. Also, the FPDO-SDFL may have to disclose the conflict to other clients, who may then request the judge to recuse from their cases (or that the FPDO-SDFL withdraw) in fear that the judge may harbor a grudge against the FPDO-SDFL and—by association—its clients.

And, despite the FPDO-SDFL's best efforts, Mr. Rennert may wonder if the office has "pulled our punches" because of a desire to remain in good standing with the judge who is presiding over the cases of other clients of the office, giving rise to a motion under 28 U.S.C. § 2255 if Mr. Rennert does not prevail. Mr. Rennert deserves

4

to have a lawyer represent him in this case where he does not have that worry or concern.

## Conclusion

Based on the foregoing, the Federal Public Defender's Office for the Southern District of Florida respectfully moves to withdraw from this case, and asks the Court to appoint the Federal Public Defender's Office in the Middle District of Florida or a lawyer from the Middle District of Florida's CJA Plan.

Respectfully Submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

By: */s/ Kate Taylor*
Kate Taylor
Assistant Federal Public Defender
Special Bar No. A5502484
150 West Flagler Street, Suite 1700
Miami, Florida  33130
Tel: 305-530-7000
Email: kate_taylor@fd.org

## CERTIFICATE OF SERVICE

      I HEREBY certify that on **November 12, 2024**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      */s/ Kate Taylor*
      Kate Taylor